FILED
00 SEP 29 PM 2:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THE HOME INSURANCE }
COMPANY, as successor in interest to }
The Home Indemnity Company, }
  }
    Plaintiff, }
  }
  } CASE NO. CV 97-B-2442-S
v. }
  }
PIGGLY WIGGLY ALABAMA }
DISTRIBUTING COMPANY, INC., et }
al., }
  }
    Defendants. }

ENTERED
OCT - 2 2000

## MEMORANDUM OPINION

    The Home Insurance Company ("Home") filed a declaratory judgment action against its insured, Piggly Wiggly Alabama Distributing Company, Inc. ("Piggly Wiggly"), seeking a determination of whether it has a duty to defend and indemnify Piggly Wiggly in a lawsuit pending in the Circuit Court of Bullock County, Alabama (the "Bullock County lawsuit" or "underlying lawsuit").[1]  Basically, the Bullock County lawsuit alleges that Piggly Wiggly and others conspired to defraud Helen Fillingim out of her property in July 1988.

    Home has tendered a defense to Piggly Wiggly in the underlying lawsuit under a reservation of rights, but seeks a declaration from this court that it owes no duty to defend or indemnify Piggly Wiggly because the allegations of the Bullock County lawsuit do not constitute an "occurrence," "property damage," or "bodily injury" as defined in the insurance policy issued to Piggly Wiggly.  Further, Home contends that certain policy exclusions preclude coverage.

---

    [1] This lawsuit is styled as *Henry Fillingim, et al., v. Piggly Wiggly Corporation, et al.*, CV 97-34.

Piggly Wiggly and the other defendants filed a Motion for Summary Judgment in the Bullock County lawsuit which the court granted on December 22, 1998. Plaintiff in the underlying case appealed the judgment in favor of defendants. On August 18, 2000, the Alabama Supreme Court reversed the grant of summary judgment in favor of defendants on the ground that the trial judge erred in conducting a hearing on defendants' Motions for Summary Judgment in the absence of plaintiffs and their attorneys.

While the case has been pending before the Alabama Supreme Court, both Home and Piggly Wiggly filed Motions for Summary Judgment in this case. Due to the fact that this court was of the opinion that the judgment in favor of defendants in the underlying lawsuit would be affirmed on the merits, the court denied without prejudice the Motions for Summary Judgment of both parties. The court's March 31, 2000, Order denying the Motions for Summary Judgment stated: "In the unlikely event that the decision of the Bullock County Circuit Court is reversed, this court will reinstate both motions for summary judgment." In view of the reversal of summary judgment in the underlying lawsuit[2] and pursuant to discussion with counsel, the court has decided to reinstate the Motions for Summary Judgment filed by plaintiff Home and by defendant Piggly Wiggly.

Home contends it is entitled to summary judgment because there is no coverage for the Fillingim claims in the underlying lawsuit. Home argues:

1) There is no occurrence triggering coverage;

2) The Fillingim claims do not allege "property damage;"

3) There is no evidence of "bodily injury."

---

[2] The reversal did not reach the merits of the claims against the defendants.

2

Home argues further that even if the Fillingim claims constitute "property damage," the claims alleged in the Complaint are excluded from coverage because:

1) Exclusion (L) precludes coverage for property damage to premises alienated by the named insured;

2) Exclusion (M) precludes coverage for property damage to loss of use of tangible property not physically injured;

3) The Extended Business Liability Endorsement, Section Iii, Part 1, excludes coverage for property owned by the insured;

4) The Extended Business Liability Endorsement, Section Iii, Part 2(d), excludes coverage for damage to property not on premises owned by Piggly Wiggly.

Based on the foregoing, Home requests that summary judgment be entered in its favor and that the court declare:

1) That Home has no responsibility or obligation to defend or indemnify Piggly Wiggly Alabama Distributing Company, Inc. or anyone else under the policy in the Bullock County lawsuit; and

2) That Home has no duty or obligation under its policy or otherwise to respond to any verdict, judgment, settlement, or other resolution against Piggly Wiggly Alabama Distributing Company, Inc.

Defendant Piggly Wiggly contends that the allegations of the Complaint and extrinsic evidence demonstrate Home has a duty to defend Piggly Wiggly in the underlying action under Coverage E of its policy with Home. Piggly Wiggly argues:

1) The allegations of the complaint in the underlying action and extrinsic evidence show an accident or occurrence which comes within Coverage E of the policy; and

2) No exclusions under Coverage E apply to relieve Home of its duty to defend.

## I. FACTUAL BACKGROUND

Home issued a liability insurance policy, Policy No. CPR P 395 556 ("the Policy"), to Piggly Wiggly for the policy period of June 1, 1988, to July 31, 1989. The named insured under

3

the Policy is "Piggly Wiggly Alabama Distributing Company, Inc." Pursuant to Coverage E, liability coverage is afforded for "bodily injury" and "property damage" caused by an "occurrence."

The terms of Coverage E-Comprehensive General Liability-Bodily Injury Liability and Property Damage Liability Coverages, Section I, of the policy obligate Home to pay:

> [A]ll sums which the **Insured** shall become legally obligated to pay as damages because of
>
> **bodily injury or property damage**
>
> to which this insurance applies, caused by an **occurrence** . . ..

"Occurrence" is defined in the policy as follows:

> **'Occurrence'** means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **Insured**.

"Property damage" is defined in the policy as follows:

> **"Property damage"** means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an "occurrence" during the policy period.

"Bodily injury" is defined in the policy as follows:

> **"Bodily injury"** means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom.

If the allegations or facts underlying the complaint show an accident or occurrence which possibly comes within the coverage of the policy, the insurer is obligated to defend the insured. *American States Ins. Co. v. Cooper*, 518 So. 2d 708, 709 (Ala. 1987). ("If the allegations accuse

4

the insured of actions for which the insurance company provides protection, the insurance company is obligated to defend the insured.")

As discussed with counsel on the record on September 19, 2000, the court is of the opinion some of the allegations in the Complaint in the underlying action constitute an "occurrence" which comes within Coverage E of the policy. The underlying complaint alleges injuries allegedly sustained by plaintiff Fillingim that fall within the definition of "bodily injury." The underlying complaint alleges that Fillingim sustained damages for mental anguish due to the alleged wrongful conduct of Piggly Wiggly. The Alabama Supreme Court has held that damages for mental anguish are included within the definition of "bodily injury." *ALFA Mut. Ins. Co. v. Morrison*, 613 So. 2d 381, 382 (Ala. 1993); *American States Ins. Co.*, 518 So. 2d at 710.

The court has determined that Home has a duty to defend Piggly Wiggly in the underlying action because some of plaintiff's claims allege "an occurrence" resulting in "bodily injury . . . "neither expected or intended from the standpoint of the insured." Therefore, the court will not address whether the allegations in the underlying action also constitute an "occurrance" resulting in "property damage" which would also trigger a duty to defend. Because the court does not reach the issue of whether the underlying complaint alleges property damage, it will not address Home's argument that certain exclusions in the Policy preclude coverage.

The court is of the opinion that the cross-Motions for Summary Judgment on the issue of Home's duty to indemnify Piggly Wiggly for any judgment entered against Piggly Wiggly in the underlying action are due to be denied as premature. In other words, whether the insurance policy at issue would provide coverage for Piggly Wiggly for any verdict rendered in favor of

5

plaintiffs in the underlying lawsuit cannot be answered at this time. If the underlying case does make it to a jury, Home should intervene and direct specific interrogatories to the jury which should determine whether Piggly Wiggly is entitled to coverage for any verdict rendered against it.

## II. CONCLUSION

In accordance with the foregoing, the court will enter an order 1) granting Piggly Wiggly's Motion for Summary Judgment as to the duty of Home to defend Piggly Wiggly in the underlying action; 2) denying without prejudice Piggly Wiggly's Motion in all other respects; 3) denying Home's Motion for Summary Judgment as to its duty to defend Piggly Wiggly in the underlying lawsuit; and 4) denying without prejudice Home's Motion for Summary Judgment on its remaining arguments.

**DONE** this _29th_ day of September, 2000.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge